# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael J. Goodson, Sr., 7606 Louise Lane, Wyndmoor, PA 19038

**DEFENDANTS**
City of Philadelphia, 1515 Arch Street, 16th Floor, Phila, PA
Christopher Flacco, 1515 Arch Street, 16th Floor, Phila., PA

(b) County of Residence of First Listed Plaintiff: **Montgomery, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Duane L. Lassiter, Esquire, Lassiter & Associates, P.C.
1515 Market Street, Suite 1200, Phila. PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 200e et seq

Brief description of cause:
This claim involves racial discriminiation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __7606 Louise Lane, Wyndmoor, PA 19038__

Address of Defendant: __1515 Arch Street, 16th Floor, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/19/2022__   _____   __81323__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Duane L. Lassiter, Esquire__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __9/19/2022__   _____   __81323__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael J. Goodson, Sr. | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia and Christopher Flacco | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  [✓]

| 9/19/2022 | *[signature]* | Michael J. Goodson, Sr. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 923 | (215) 923-1611 | dlassiter@dlllaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

American LegalNet, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL J. GOODSON, SR.** | : |
| 7606 Louise Lane | : |
| Wyndmoor, PA 19038, | : |
|          Plaintiff | : |
| | : |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA** | : |
| 1515 Arch Street, 16th Floor | : |
| Philadelphia, PA 19102 | : |
|    and | : |
| **CHIEF INSPECTOR CHRISTOPHER** | : |
| **FLACCO** | : |
| c/o City of Philadelphia | : |
| 1515 Arch Street, 16th Floor | : |
| Philadelphia, PA 19102, | : |
|          Defendants | : |

### CIVIL ACTION

I. <u>JURISDICTION</u>

1. Plaintiff Michael J. Goodson brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter, "Title VII"), 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Jurisdiction is invoked pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiff's causes of action arose in the Eastern District of Pennsylvania and all Defendants are found in the Eastern District of Pennsylvania. Thus, venue is proper in this court.

II. <u>THE PARTIES</u>

1

2. Plaintiff Michael J. Goodson, Sr. (hereinafter "Plaintiff) is an adult, African-American male who at all times relevant hereto resided at 7606 Louise Lane, Wyndmoor, Pennsylvania.

3. Defendant City of Philadelphia (hereinafter "City") is a municipality located in the Commonwealth of Pennsylvania, defined as City of the first class" under the laws of the Commonwealth of Pennsylvania, having principal offices in its Law Department located at 1515 Arch Street, Philadelphia, PA 19102. Defendant City owns, operates, manages and directs the Philadelphia Police Department.  This Defendant City employs in excess of 500 employees.

4. At all times relevant hereto, Defendant Christopher Flacco (hereinafter "Flacco") is an adult male employee of Defendant City and its Police Department as well as an employee, servant, workman and/or agent of Defendant City. This Defendant was assigned and served, at all times relevant hereto, in a supervisory capacity as Chief Inspector of the Police Department and, as such, is a policymaker for Defendant City. Defendant Flacco is being sued individually and in his official capacity as Chief Inspector of said Police Department.

5. At all times relevant hereto, Defendant City, through its Police Department, acted or failed to act through its authorized agents who were acting within the course and scope of their employment with Defendant City. Specifically, the Defendant City, as a matter of custom, policy and/or practice, intentionally and deliberately failed to adequately train or otherwise direct Defendant Flacco concerning race discrimination and retaliation, thereby causing Defendant Flacco to engage in the illegal and unlawful conduct which created a racially hostile and

retaliatory work environment for Plaintiff and which caused Plaintiff to sustain injuries requiring continuing treatment as described herein below.

III. ADMINISTRATIVE PROCEDURE

6. On or about June 9, 2022, Plaintiff filed EEOC Charge No. 530-2021-05282.

7. On June 22, 2022, the Philadelphia District Office issued the Notice of Right to Sue. A copy of the Notice of Right to Sue is attached herewith and made a part hereof as Exhibit A.

8. All other conditions precedent to the institution of this action have been fulfilled

IV. STATEMENT OF CLAIMS

9. Plaintiff began his employment with the Philadelphia Police Department as a police officer on or about February 2, 2001.

10. Since the beginning of his career with Defendant City, Plaintiff has been promoted through the ranks from patrolman to captain due to the quality of his job performance and his successful performance on the promotional examinations.

11. While his job performance and successful results from the promotional examination experience have been positive, he has been subjected to a racially harassing, hostile work environment exclusively promoted and created by Chief Inspector Christopher Flacco. These unlawful practices include, but are not limited to, the following:

   (a) In November of 2020, Plaintiff tested positive for COVID-19. While out of work due to the severity of the conditions which rendered him physically unable to work, he was forced to reschedule a promotional examination. The

examination was rescheduled after a second COVID-19 test resulted in a negative finding. Inspector Flacco publicly berated him in the presence of other police officers. These openly public comments about his health were made about him as a suggestion that he was a lazy black employee. While he tested negative for COVID when he took the promotional examination, the symptoms continued, even after the negative result. Flacco publicly stated "It's good to see some folk aren't playing COVID anymore." This comment was made on or about February 25, 2021.

(b) On or about March 25, 2021, Chief Inspector Flacco shouted obscenities at Plaintiff during his presentation of work-related investigation projects. No Caucasian lieutenants were subjected to such behavior publicly.

(c) On or about April 22, 2021, during a meeting regarding investigation plans on progress, Chief Inspector Flacco scolded and repeatedly spoke to Plaintiff by saying, "You are a bull shxxer!" Flacco was smiling as he made these comments to Plaintiff.

(d) Chief Inspector Flacco intentionally assigned investigation support staff who were inexperienced or who had health challenges which affected job performance.

(e) On or about September 8, 2021, while providing updates regarding ongoing investigations during a staff meeting, Flacco screamed at Plaintiff during his presentation and repeatedly used the word "shxt" numerous times. When the two Caucasian sergeants made their presentations, Flacco immediately

    changed his language by speaking to these officers without the profanities or name calling.

12. Chief Inspector Flacco's repeated use of the profanities when commenting about Plaintiff, his work and his health was and is open, notorious and offensive because of Plaintiff's race, upon information and belief. Chief Inspector Flacco did not use any offensive terms to address or refer to Caucasian police officers.

13. As Chief Inspector, Mr. Flacco had the authority to take employment actions against Plaintiff, including, but not limited to, assigning investigation projects and rating performance evaluations.

14. Plaintiff complained to Captain Merrick before Plaintiff took the promotional examination.

15. No corrective action was taken by the Police Department though it was well known that Chief Inspector Flacco routinely targeted only Plaintiff for the demeaning, racially offensive comments in the presence of other police officers.

16. Upon information and belief, Chief Inspector Flacco contacted the Safety Office of the Philadelphia Police Department in an effort to pursue disciplinary action against Plaintiff because Plaintiff took the COVID-19 test.

17. While recovering from COVID-19, Plaintiff also experienced cardiac issues which prompted him to consult his primary care physician who is now a cardiologist.

18. Plaintiff was diagnosed with having a condition referred to as "COVID Heart" consistent with the symptoms of weakness, palpitations and exhaustion experienced.

19. As a result, the cardiologist and the primary care physician directed Plaintiff not to return to work.

20. While he was out of work in recovery, Plaintiff was informed that Flacco continued to comment negatively about Plaintiff's health relentlessly in meetings with other employees.

21. While Plaintiff complained to the highest level of leadership for the Philadelphia Police Department, no corrective action has been taken regarding the conduct of Flacco.

22. At all times throughout his employment, Plaintiff performed his positions well as he has risen through the ranks in the Philadelphia Police Department.

23. The conduct of Chief Inspector Flacco constitutes a racially discriminating employment practice in that Caucasian police officers under his command are treated more favorably by Flacco than Plaintiff because of Plaintiff's race.

24. The unlawful employment practices of Chief Inspector Flacco as stated herein were and are intentional.

25. The unlawful employment practices complained of herein were and are done with malice and reckless indifference to federally protected rights secured to Plaintiff under Title VII.

26. Because Defendant City has taken no steps to train, supervise or discipline Chief Inspector Flacco, his racially offensive conduct toward Plaintiff continues.

27. As a direct and proximate result of the relentless racially offensive conduct of Chief Inspector Flacco to which Plaintiff has been subjected, and as a result of Defendant City's failure, as a pattern or practice of such failure, to train,

supervise, instruct or discipline Defendant Flacco regarding racial discrimination in the workplace, Plaintiff has continued to experience race-based harassment at the hands of Chief Inspector Flacco, mental anguish, anxiety, humiliation and embarrassment, all of which has had a detrimental effect on Plaintiff's wellbeing and relationship with family members.

## FEDERAL CLAIMS

### COUNT 1: Plaintiff v. City of Philadelphia
(Violation of 42 U.S.C. § 1983; 14th Amendment)

28. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

29. The acts and failures to act of Defendant Flacco, and other supervisory personnel, individually and/or jointly, all of whom acted under color of law, caused the Plaintiff to be subjected to the deprivation of his rights to equal protection of the law as guaranteed him under the 14th Amendment of the United States Constitution.

30. The acts and failures to act of Defendant Flacco, and other supervisory personnel, were direct acts and failures to act of Defendant City.

31. The acts and failures to act of Defendant Flacco, and other supervisory personnel, violated the Plaintiff's right to Equal Protection of the Law guaranteed him under the 14th Amendment of the United States Constitution, redressable under 42 U.S.C. § 1983.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant named in this count, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

COUNT II: Plaintiff v. Defendants, Individually
(Violation of 42 U.S.C. § 1983; 14th Amendment Due Process)

32. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

33. The direct and retaliatory acts and failures to act of Defendants, who acted under color of law, caused the Plaintiff to be subjected to the deprivation of his rights to equal protection of the law as guaranteed him under the 14th Amendment of the United States Constitution.

34. The acts and failures to act of Defendant Flacco were his intentional individual acts and violated the Plaintiff's right to Equal Protection of the Law guaranteed him under the 14th Amendment of the United States Constitution, redressable under 42 U.S.C. § 1988.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants named in this count for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys' fees pursuant to 42 U.S.C. § 1983(b).

COUNT III: Plaintiff v. Defendant City
(Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)

35. The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

36. The acts and/or failures to act of Defendant Flacco, which were the acts and failures to act of Defendant City, discriminated against the Plaintiff in the terms and conditions of his employment and denied him of rights and/or protections secured to him by the Equal Protection clause of the 14th Amendment.

37. The acts and failures to act of Defendant Flacco, which were the acts and failures to act of Defendant City, discriminated against the Plaintiff on the basis of race and constituted an unlawful employment practice in violation of 42 U.S.C. § 2000e-1.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant named in this count, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

COUNT IV: Plaintiff v. Defendant City
(Violation of Title VII, 42 U.S.C. § 2000e-2(a)(2)

38. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

39. The acts and/or failures to act of Defendant Flacco, which were the acts and failures to act of Defendant City, discriminated against the Plaintiff by serving to limit, segregate and classify him in a way which deprived him of employment opportunities and adversely affected his status as an employee because of his race.

40. The acts and failures to act of Defendant Flacco, which were the acts and failures to act of Defendant City, discriminated against the Plaintiff on the basis of his race and constituted an unlawful employment practice in violation of 42 U.S.C. § 2000e(a)(2).

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant named in this Count IV for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

STATE LAW CLAIMS

COUNT V: Plaintiff v. Defendants
City of Philadelphia and Christopher Flacco
(Violation of 42 Pa. C.S. § 955(a))

41. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

42. The acts and failures to act of Defendant Flacco, which were the acts and failures to act of Defendant City, tended to discriminate against the Plaintiff with respect to compensation, hire, tenure, terms, conditions or privileges on his employment on the basis of his race.

43. The acts and failures to act of Defendant Flacco, which were the acts and failures to act of Defendant City, constituted an unfair employment practice proscribed by 42 Pa. C.S. § 955(a).

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant named in this Count V, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys' fees and costs as may be allowed by law.

_____
DUANE L. LASSITER, ESQUIRE
LASSITER & ASSOCIATES, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102