IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GOODSON, SR.** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 22-3728 |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA**, *et al.*, | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 6th day of February 2024, upon consideration of Defendants' *motion for summary judgment*, (ECF 17), to which no response has been filed,[1] it is hereby **ORDERED** that the motion is **GRANTED**.[2]

---

[1]  By Order dated December 22, 2023, Plaintiff was directed to respond to Defendants' motion for summary judgment by January 5, 2024, and was further advised that a failure to do so could result in the dismissal of this action for a failure to prosecute. (*See* ECF 21). As of the date of this Order, Plaintiff has not filed a response to Defendant's underlying motion for summary judgment.

[2]  Plaintiff Michael Goodson ("Plaintiff") commenced this counseled action by complaint in which he asserts civil rights and employment discrimination claims against his current employer, the City of Philadelphia ("Defendant City"), and Chief Inspector Christopher Flacco ("Defendant Flacco") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 ("§ 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. §955, *et seq*. (*See* ECF 1). Plaintiff's claims are premised on his contention that he was subjected to racial discrimination because Defendant Flacco publicly berated him, shouted profanities at him, and intentionally assigned him inexperienced staff, and Defendant City did not take steps to train, supervise, or discipline Defendant Flacco. (Compl., ECF 1, at ¶¶ 11-13, 26). Defendants deny the allegations.

Discovery in this matter was to be completed by May 15, 2023. Defendants filed the motion for summary judgment on August 14, 2023, pursuant to Federal Rule of Civil Procedure ("Rule") 56, on all of Plaintiff's claims arguing that Plaintiff has not produced, nor can he proffer evidence sufficient to meet each of the elements of his claims. (ECF 17). In their motion, Defendants note that Plaintiff did not engage in any affirmative discovery nor did he serve any document requests or interrogatories or notice any depositions. In addition, Plaintiff did not appear for his own deposition. As noted, Plaintiff has also failed to respond to Defendants' motion. Instead, Plaintiff filed a motion to dismiss his complaint without prejudice, (ECF 18), which Defendants opposed, (ECF 19), and this Court denied, with leave to file a response to Defendants' motion for summary judgment. (ECF 21).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Rule 56 provides that a court shall grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 402 (3d Cir. 2016). When considering a motion for summary judgment, a court should view the evidence in the light most favorable to the nonmoving party, here Plaintiff, and draw all reasonable inferences in the Plaintiff's favor. *Montgomery Cnty. ex rel. Becker v. MERSCORP, Inc.*, 16 F. Supp. 3d 535, 537 (E.D. Pa. 2014). The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23); *see also In re Nat. Pool Constr., Inc.*, 598 F. App'x 841, 845 (3d Cir. 2015). The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

As noted, Plaintiff asserts claims under § 1983 (Counts I and II), Title VII (Counts III and IV), and the PHRA (Count V) premised on allegations that Defendants unlawfully discriminated against him because of his race. To survive summary judgment on each of these claims, Plaintiff must present evidence sufficient to show, *inter alia*, that Defendants engaged in conduct that was unlawfully on account of Plaintiff's race. *See Johnson v. Fuentes*, 704 F. App'x 61, 65 (3d Cir. 2017) ("To bring a claim under § 1983 for the denial of equal protection based on race, a plaintiff must show . . . [that] the defendant treated the plaintiff differently because of his race . . ." (citing *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992))); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999) (holding that to establish a *prima facie* case of race discrimination under Title VII and the PHRA, a plaintiff must show that he suffered an adverse employment action "under circumstances that give rise to an inference of unlawful discrimination"); *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996) (holding that to succeed at the summary judgment stage on a hostile work environment claim, a plaintiff must show, among other things, that he or she suffered intentional discrimination because of his race).

Here, having failed to respond to Defendant's motion or to even engage in any affirmative discovery, Plaintiff has not and cannot meet his summary judgment burden with respect to any of the elements of his claims. *Vaughan v. Boeing Co.*, 733 F. App'x 617, 622 (3d Cir. 2018) (holding that "[i]f the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then there can be no genuine issue of material fact," and thus, a grant of summary judgment is appropriate (quoting *Celotex*, 477 U.S. at 322-23)). Accordingly, Defendants' motion for summary judgment is granted.