IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GOODSON, SR. | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | Case No. 2:22-cv-03728-NIQA |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM THIS COURT'S FINAL ORDER PURSUANT TO FED. R. CIV. P. 60(b)(1) AND 60(b)(6)**

**INTRODUCTION**

Plaintiff Michael Goodson, Sr., represented by Attorney Duane Lassiter, proceeded through discovery, gleaned no evidence supporting liability, and forced Defendants to file their motion for summary judgment. After the Court gave him nearly *six months* to respond, he failed to do so. Now, he asks this Court to set aside its judgment and grant him more time to respond. He claims such relief is warranted because Attorney Lassiter's failure to respond to Defendants' motion was either: (1) excusable; or (2) so grossly negligent that it qualifies as exceptional circumstances. Both arguments fail.

*First*, Goodson cannot establish that Attorney Lassiter's failure to respond to Defendants' motion for summary judgment is excusable neglect. Goodson has not offered, and cannot offer, a reason for this failure. Attorney Lassiter failed to respond to Defendants' motion after he participated in the scheduling conference where the filing date was set, after he received notice of the filing date through an electronic filing service, and after the Court warned him of the filing date. Worse yet, Attorney Lassiter's failure to respond to the motion was not an isolated event; he

1

previously disregarded deadlines and ignored admonishments from this Court. Goodson's attempt to now characterize this failure as excusable should not be entertained.

**Second**, although Attorney Lassiter's neglect is not excusable, it does not amount to the type of grossly negligent misconduct that would warrant relief. Even if it did, such relief would still not be proper because Goodson has not raised, and cannot raise, a meritorious theory of recovery, and according to the only information available in the record, the judgment resulted from Goodson's own deliberate choices. Goodson's motion for relief should be denied.

## FACTUAL BACKGROUND

On September 19, 2022, Goodson filed this counseled employment discrimination case alleging that Defendants subjected him to race discrimination and a hostile work environment. Goodson retained the firm of Lassiter & Associates, P.C., and Attorney Duane Lassiter entered his appearance. (*Id*).

Upon consideration of the parties' joint Rule 26(f) report, the Court ordered the parties to complete fact discovery by March 16, 2023. (ECF Nos. 11, 12). Soon after, Defendants served their first set of discovery requests and noticed Goodson's deposition. But Goodson did not respond to these requests or appear for his own deposition. (ECF No. 13). A day before the discovery deadline, Attorney Lassiter instead informed the Court that he had "been unable to conclude discovery *due to issues involving the Plaintiff*," and that he had co-counsel—Attorney Isaac Green—who intended to soon enter his appearance and respond to Defendants' discovery requests. (ECF No. 14). The Court ordered all fact discovery be completed by May 15, 2023. (ECF No. 16).

Despite this extension, Goodson failed to meaningfully engage in the discovery process. The only discovery Goodson produced were self-serving, unverified responses to Defendants' document requests and interrogatories. These responses (signed by Attorney Green) were produced

four months late and after the extended fact discovery deadline had passed. While Defendants noticed Goodson's deposition, Goodson never appeared for it. Nor did Goodson serve discovery requests on Defendants or attempt to depose any witnesses. (ECF No. 17).

On August 14, 2023, Defendants filed their Motion for Summary Judgment. (ECF No. 17). Goodson's response to that motion was due on September 4, 2023, but he failed to respond. Ten days later, Goodson moved to dismiss his complaint without prejudice. (ECF No. 18). The motion made no real attempt to justify Goodson's tardiness. Rather, the motion argued that Attorney Lassiter worked alongside Attorney Green, that Attorney Green was expected to be lead counsel, and that Attorney Green struggled to enter his appearance. (*Id*. at ¶¶ 12-24). The motion further stated that Attorney Green is "the Plaintiff's Counsel of choice." (*Id.* ¶ 22). The motion failed to explain why Attorney Lassiter—Goodson's attorney of record—did not respond to discovery or Defendants' motion for summary judgment, except with reference to actions or lack thereof taken by Attorney Green and Plaintiff's choice of Attorney Green as his counsel. *Id*.

The Court denied Goodson's voluntary motion to dismiss and directed Goodson to respond to Defendants' motion for summary judgment by January 5, 2024. (ECF No. 21). In the denial of the motion to dismiss, the Court noted that dismissal without prejudice was improper because Defendants had expended time and effort litigating this matter, including retaining counsel, serving discovery, and moving for summary judgment. (ECF No. 21).

Goodson did not respond. On February 6, 2024, the Court granted Defendants' motion for summary judgment, finding that Goodson did not and could not "meet his summary judgment burden with respect to any of the elements of his claims." (ECF No. 22). On March 7, 2024, Goodson filed a notice of appeal. (ECF No. 25). Weeks later, Goodson filed this motion requesting relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(6).

**LEGAL STANDARD**

Courts may relieve parties from a final judgment for: (1) excusable neglect; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). When assessing the former, the district court must consider: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Orthopedic Bone Screw Products Liab. Litig.*, 246 F.3d 315, 322-23 (3d Cir. 2001) (citing *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partn.*, 507 U.S. 380, 395 (1993)). When assessing the latter, the Third Circuit has cautioned that the remedy "is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir. 1987). "[O]ne who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R.R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

**ARGUMENT**

**A. Plaintiff's Motion for Relief under Rule 60(b)(1) Fails Because He Does Not Establish Excusable Neglect.**

Goodson cannot establish that his counsel's failure to respond to Defendants' motion for summary judgment is excusable neglect. The third *Pioneer* factor—reason for delay—is dispositive here. *See D'Angelo v. Vanguard Group, Inc.*, No. CV 21-4813, 2023 WL 361788, at *7-8 (E.D. Pa. Jan. 23, 2023) (noting that the "reason for delay" factor is the "most important to the excusable neglect inquiry.") (citing *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 331 (3d Cir. 2012) (determining that the proffered "reasons for delay" did not support excusable neglect and concluding that the remaining factors could not overcome the weight of this factor)).[1]

---

[1] Other Courts of Appeals also place heightened import on *Pioneer's* "reason for delay" factor. *See Symbionics Inc. v. Ortlieb,* 432 Fed. Appx. 216, 219 (4th Cir. 2011) (noting that the "reason for delay" factor is "critical" and the "most important to the excusable neglect inquiry."); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d

4

Ignoring the importance of the "reason for delay" factor, Goodson offers no reason for his counsel's failure to respond to Defendants' motion for summary judgment. *See* ECF No. 27, at p. 6 (baldly asserting that "Plaintiff presents sufficient reasoning to support his delay," without an affidavit from Plaintiff). Nor can he. Attorney Lassiter not only had notice of the motion, but the Court granted him nearly *six months* to contest it.  (*See* ECF No. 21). His failure to do so is not excusable neglect, especially where it was part of a pattern of disregard for this Court's orders, not an isolated incident of inadvertence. *See Logan v. Am. Contract Bridge League*, 173 Fed. Appx. 113 (3d Cir. 2006) (failure to respond to defendant's motion for summary judgment was not "excusable neglect" because plaintiff offered "no excuse [] for his prior counsel's failure.").

When faced with a record similar to this one, the Third Circuit described the defendant's attempt to argue excusable neglect as borderline frivolous. *See U.S. v. Tuerk*, 317 Fed. Appx. 251, 254 (3d Cir. 2009). There, the defendant's attorney failed to respond to the government's motion for summary judgment. *Id.* This failure came after the attorney participated in the scheduling conference where the filing date was set, after he received notice of the filing date through an electronic filing service, and after he was reminded by court staff of the filing date. *Id*. The failure was also not an isolated event; "it was part of a pattern of disregard for court orders during the course of the proceedings." *Id*. On these facts, defendant's "attempt to argue excusable neglect [] border[ed] on frivolity." *Id*.

Goodson's attempt is no different. As in *Tuerk*, Attorney Lassiter failed to respond to Defendants' motion after he participated in the scheduling conference where the filing date was set (ECF No. 12), after he received notice of the filing date through an electronic filing service

---

457, 463 (8th Cir. 2000) (noting that "[t]he four Pioneer factors do not carry equal weight" and "the reason for delay is the most important."); *In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017) (same); *Alexander v. Saul,* 5 F.4th 139, 148–49 and n. 5 (2d Cir. 2021) (affirming district court's finding plaintiff failed to establish excusable neglect based on the third *Pioneer* factor, explaining "[a]ffording dispositive weight to [the third] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor") (collecting cases).

(ECF No. 17), and after the Court warned him of the filing date (ECF No. 21). Attorney Lassiter's failure to respond to the motion was also not an isolated event; he previously disregarded deadlines and ignored admonishments from this Court. (*See* ECF Nos. 14, 21). Goodson's attempt to now characterize this "pattern of disregard for court orders" as excusable should not be entertained. *Tuerk*, 317 Fed. Appx. at 254.

Moreover, the grant of a motion pursuant to Rule 60(b)(6) would prejudice the Defendants for the same reasons expressed in their Response to the Plaintiff's Motion to Dismiss Without Prejudice. (*See* ECF No. 21, referencing "the efforts expended by Defendants," which included that they "have expended time and effort litigating this matter, including retaining counsel, serving discovery, and moving for summary judgment").

**B. Plaintiff's Motion for Relief under Rule 60(b)(6) Fails Because He Does Not Establish Exceptional Circumstances.**

Goodson's attempt to avail himself of Rule 60(b)(6)'s catch-all provision is also meritless. His requested relief should be denied for three reasons:

*First*, Rule 60(b)(6) relief should be denied because Attorney Lassiter's failure to respond to the summary judgment motion does not qualify as "extraordinary" or "exceptional" circumstances. "Carelessness of a litigant or his attorney is not a ground for relief under Rule 60(b)." *Yellow Book Sales and Distrib. Co., v. White*, No. CIV.A. 10-3062, 2014 WL 413568, at *2 (E.D. Pa. Feb. 4, 2014); *see also*, *Link v. Wabash*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."). Rule 60(b)(6) relief will be granted only where the attorney's neglect is so "gross" as to amount "to nothing short of leaving his clients unrepresented." *Boughner v. Sec. of Health, Ed. and Welfare, U. S.*, 572 F.2d 976 (3d Cir. 1978). That is not the case here.

6

Goodson's reliance on *Boughner* is misplaced. There, plaintiff's attorney failed to file a response to six motions for summary judgment resulting in judgment being entered against each of the six clients. A survey showed that counsel had in fact failed to file a response to *fifty-two* motions for summary judgment. *Id*. at 977. The Third Circuit found that counsel's failure to respond to the motions amounted to neglect so "gross" as to be "inexcusable." *Id*. at 978.

Although Attorney Lassiter's neglect is not excusable, it does not amount to the grossly negligent misconduct analyzed in *Boughner*. To the contrary, Attorney Lassiter's conduct is the type of garden variety neglect that courts routinely find insufficient to warrant 60(b)(6) relief. *See Logan v. Am. Contract Bridge League*, 173 Fed. Appx. 113 (3d Cir. 2006) (prior counsel's "inexcusable failure" to contest defendant's motion for summary judgment did not present "exceptional circumstances"); *Tuerk*, 317 Fed. Appx. 251, 254 (3d Cir. 2009) (same); *Taylor v. Harrisburg Area Cmty. College*, No. 1:12-CV-0169, 2014 WL 866491, at *5 (M.D. Pa. Mar. 5, 2014), *aff'd*, 579 Fed. Appx. 90 (3d Cir. 2014) (prior counsel's failure to respond to defendant's motion for summary judgment after four extensions of time did not present "exceptional circumstances"). Attorney Lassiter's behavior simply fails to meet the "incredibly high standard" of gross negligence. *Doe v. Ritz Carlton Hotel Co., No*. CV 14-4423, 2015 WL 8328513 (E.D. Pa. Dec. 7, 2015).

**Second**, Rule 60(b)(6) relief should be denied because Goodson has not raised, and cannot raise, a meritorious theory of recovery. *See Lorenzo v. Griffith*, 12 F.3d 23 (3d Cir. 1993); *Tuerk,* 2007 WL 1300231, at *1 (E.D. Pa. May 1, 2007) (noting that another consideration in a Rule 60(b) analysis is "whether the moving party's underlying claim is meritorious."). Because Goodson gleaned no evidence during discovery, the record contains no genuine dispute of material fact. Recognizing this, Goodson claims that he can "create disputes of material fact" by "present[ing] his own testimony in opposition to Defendants' Motion[.]"). (ECF No. 27, at p. 6). Not so.

7

"[P]laintiffs cannot defeat motions for summary judgment by relying solely on their self-serving deposition testimony to create genuine issues of material fact." *Parham v. May*, No. CV 16-6148, 2023 WL 5278143, at *6 (E.D. Pa. Aug. 16, 2023). [2] Allowing Goodson an opportunity to respond to the motion for summary on this record "would be a pointless exercise." *See Taylor v. Harrisburg Area Cmty. College*, No. 1:12-CV-0169, 2014 WL 866491, at *3 (M.D. Pa. Mar. 5, 2014) ("[S]imply reconsidering the summary judgment motion on the same record before the court would be a pointless exercise, and even Plaintiff recognizes that the court reached the only conclusion possible on the record."). Goodson's inability to present a meritorious theory of recovery independently dooms his motion.

This flaw cannot be cured by speculatively asserting that "the Court granted the unopposed motion for summary judgment essentially because it was unopposed." (ECF No. 27, at p. 7). When a plaintiff fails to respond to a defendant's statement of material facts in support of their motion for summary judgment, the facts are deemed admitted. *See* Fed. R. Civ. P. 56(e)(2). If those undisputed facts show that the Defendant is entitled to judgment as a matter of law, the Court may properly grant the motion. *See Drew v. Walton*, No. 2:18-CV-1118, 2021 WL 4751749, at *3 (W.D. Pa. Oct. 12, 2021). For example, in *Drew*, the court dismissed plaintiff's § 1983 claims after he failed to respond to defendants' motion for summary judgment. *Id*. at *4. The court recognized that the motion could "not be granted merely because it [was] unopposed." *Id*. at *2. But because plaintiff "failed to respond to the statements of material facts submitted by the Defendants," the court reasoned, "those undisputed facts show that the Defendants are entitled to judgment as a matter of law." *Id*. at *3.

---

[2] Nor can a plaintiff withstand a motion for summary judgment by relying on a self-serving affidavit, especially where, as here, the plaintiff refused to appear for his own deposition. *See Gonzalez v. Sec'y of the Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012) ("As a general proposition, conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.").

The Court conducted a similar analysis here. As in *Drew*, the Court highlighted the fact that Goodson "failed to respond to Defendant's motion[.]" (ECF No. 22). Defendants' statement of material facts were thus deemed admitted. *See* Fed. R. Civ. P. 56(e)(2). The Court further noted that Plaintiff failed to engage in any affirmative discovery. (ECF No. 22). As those undisputed facts showed that Defendants were entitled to judgment as a matter of law, the Court found that Goodson did not "meet his summary judgment burden with respect to any of the elements of his claims." (ECF No. 22). The proper method to challenge this finding is on appeal, not in a Rule 60(b)(6) motion. *See Color-Plus Leather Restoration System, L.L.C. v. Vincie*, 198 Fed. Appx. 165, 166 (3d Cir. 2006) ("Rule 60(b) is not a substitute for an appeal."). Goodson's requested relief should be denied for failing to present a meritorious theory of recovery.

**Third**, Rule 60(b)(6) relief should be denied because Goodson presents no evidence that the judgment was not the product of his own deliberate choices. "[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). So it is the moving party's burden to "provide the Court with an affidavit or other evidence" that shows he is blameless. *Linbald v. Nationwide Mut. Ins.,* No. CV 14-908 (NLH/KMW), 2016 WL 614407, at *4 (D.N.J. Feb. 16, 2016). Goodson offers no evidence to satisfy this burden.[3] Worse yet, the record reveals that Goodson's own deliberate choices *did* contribute to the eventual judgment. Goodson failed to engage in the discovery process. *See* ECF No. 14 (noting that Attorney Lassiter had "been unable to conclude discovery *due to issues involving the Plaintiff*."). Goodson did not seek other counsel when he knew his "chosen" counsel, Attorney Green, could not pursue his claim. *See* ECF No. 18

---

[3] Goodson's new counsel has done nothing more than his prior counsel did: make bald assertions in support of his arguments, without including any actual evidence. The Motion asserts that Plaintiff's "chosen counsel was unable to participate meaningfully in this litigation and was unable to enter his appearance." (ECF No. 27, at p. 1). But absent from the Motion is an affidavit or any other evidence that explains why—for the eighteen months since the filing of his Complaint—Goodson sat on his rights.

(requesting dismissal because "Mr. Green is the Plaintiff's Counsel of choice and Mr. Green has been unable to pursue the claim due to technical difficulties and illness."). And Goodson did not appear for his own deposition. *See* ECF No 22 (recognizing that "Plaintiff did not appear for his own deposition."). Goodson cannot avail himself of Rule 60(b)(6)'s extraordinary relief when his own conduct contributed to the judgment he now seeks to set aside.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Goodson's motion for relief from this Court's final Order pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6).

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By: *Angela L. Velez*
Gaetan J. Alfano, Esquire
Christopher A. Iacono, Esquire
Angela L. Velez, Esquire
1818 Market St., Ste. 3401
Philadelphia, PA 19103
(215) 320-6200 (Telephone)
(215) 981-0082 (Telecopy)
*GJA@pietragallo.com*
*CAI@pietragallo.com*
*ALV@pietragallo.com*

*Counsel for Defendants*
*City of Philadelphia & Christopher Flacco*

April 10, 2024